# Charleston.

## JONES, ADM'R *v.* PATTON, *et al.*

Decided May 2, 1877.

1877.
January Term.

J., as the administrator, with the will annexed, of B., filed his bill, alleging that B. made a contract with P., in which he sold him certain real estate, and gave him power to sell, certain other real estate; prior to which B. had made a will, in which he had devised the same real estate to other parties. B. appointed no executor in his will and upon the probate of the will, J. qualified as his administrator, with the will annexed, and brought a suit in chancery, against the said P. and the devisees under the will, solely to impeach and set aside said contract for want of consideration, &c. HELD:

That as the said J. as administrator, with the will annexed, was the only plaintiff, the bill did not show any ground for his relief as such, and should have been dismissed.

Appeal and *supersedeas* granted, upon the petition of Robert Patton, defendant below, to a decree of the circuit court of the county of Mason, rendered on the 17th day of October, 1873, in a cause in chancery in said court then pending, in which David Jones, administrator with the will annexed of Benjamin P. Byram, deceased, was plaintiff, and said Patton, and others, were defendants.

Hon. Joseph Smith, Judge of the seventh judicial circuit, rendered the said decree.

JOHNSON, JUDGE, who delivered the opinion of the Court, furnishes the following statement of the case.

This is an appeal from a decree of the circuit court of

Mason county, rendered on the 17th day of October, 1873, cancelling and annulling a contract described in the bill. The bill filed, and upon which the said decree was rendered, is as follows:

"*To the Hon. Joseph Smith, Judge of the Circuit Court of Mason County:*

"The bill of complaint of David Jones, administrator, with the will annexed, of Benj. P. Byram, deceased, against R. Patton, Benj. B. Jones, David Jones and Martha Ann Jones, filed in the circuit court of Mason county:

"Your orator, humbly complaining, showeth unto your honor that Benjamin P. Byram some time in the month of January, 1873, departed this life; that long anterior to his death, to-wit: on the 15th day of May, 1861, the said Benj. P. Byram made his last will and testament, by which he devised to the defendant, Benj. P. Jones, his farm lying at the mouth of Thirteen Mile creek, in Mason county, "then Virginia, now West Virginia," with all the appurtenances thereto belonging, and to your orator and the defendant, Mary Ann Jones, all the rest of his estate, both real and personal, after the payment of his just debts. That at the March term, 1873, of the county court of Putnam county, the said last will and testament was duly proved and admitted to record, and your orator was appointed by said court adminstrator of the said Benj. P. Byram, deceased, with the will annexed, who duly qualified as such, as will appear by certified copies of the said will, and orders of probate appointment, and certificate of qualification herewith filed, marked "A" and "B," and prayed to be taken as part of this bill.

"Your orator would now show unto your honor that on the 20th day of January, 1872, by an article of agreement then made and entered into by and between the said Benj. P. Byram and the defendant, R. Patton (who were brothers-in-law), the said Byram, as claimed by the

said Patton, agreed to sell to the said Patton all of his land lying at the mouth of and on the Thirteen Mile creek, in the county of Mason, and which is the same land devised by the said Byram to the defendant, (Benjamin B. Jones), consisting of several surveys, to-wit: his home tract with the brick house upon it, and out of which the village of Leon, has been carved, containing about one hundred and fifty acres, be it the same more or less, and the same conveyed to the said Byram by Curtis J. Phillips and wife; two parcels of land containing 50 acres each, formerly owned by Alexander Grunber, and purchased by the said Byram at public sale; and also a parcel of land conveyed to the said Byram on the 21st day of April, 1840, by Webb Watson, trustee of Caroline M. R. Johnson, the whole tract of land thus composed, containing between four and five hundred acres, for the sum of $1,000, to be paid in hand to the said Byram, and the further consideration that the said Patton would pay off and satisfy the decree that had been rendered against the said Byram by the circuit court of Mason county, in favor of James Capehart, now deceased, for the sum of $600 or $700; and also a judgment rendered against him by the circuit court of Putnam county, in favor of John A. Harmon, for about $1,300, and pay over to him, the said Byram, one third of the proceeds of the sale of the said land, after the payment of and the satisfaction of the aforesaid judgment and decree.

"Your orator would now further show unto your honor, that the said Benj. P. Byram, in his lifetime, had entered in his own name and conjointly with others, a large quantity of vacant and unappropaiated lands in the counties of Kanawha, Putnam and Mason, and it was questionable in his own mind whether he could make good his title to them, or could hold them. Among them was an undivided moiety in one thousand one hundred and thirty-seven acres, patented to H. O. Middleton, lying on Pocatalico, in Putnam county, and various

other tracts within the Bruin survey, among which is one known as the James McNutt survey. That he also owned another tract of land lying on the waters of Eighteen Mile creek, in the said county of Putnam, containing about six hundred acres, that was conveyed to him on the 17th day of August, 1854, by Henry Harris, and Jane W., his wife, the title of which he had some apprehensions about, but which apprehensions, your orator is satisfied, are wholly groundless. Your orator would now aver that the said Byram, by the said agreement, authorized, and only intended to authorize, and empower the said Patton to compromise, to take steps to, and to sell the last mentioned tracts of land as his agent only and pay for the said Patton's trouble and costs, and that, therefore, he, the said Patton should have two-thirds the purchase money that all of them should bring, save the Harris tract of land, and for the sale of that he should have one-third thereof.

And your orator now charges that the said agreement, so far at least as the same relates to said several last mentioned tracts of land, is but a power of attorney to sell, &c., all of which will appear by the said agreement in writing, if the same be intelligible at all, and the agreement with H. O. Middleton herewith filed, the one marked " C," and the other "D," and prayed to be taken as part of this bill.

Your orator would further charge that although the said agreement which was written by the defendant, Robert Patton, who was an attorney at law, shows that the sum ot $1,000 was paid by him to the said Byram, yet not one cent was ever so paid to him by the said Patton, but instead thereof, he, at the time said agreement was made, executed his negotiable note to the said Byram, payable one year from date, with interest from date, at the National Bank of Charleston, for the sum of $1,000, and which was duly presented for payment when due, and protested, as will more fully appear from the said note and certificate of protest herewith filed marked

" E," and prayed to be taken as part of this bill. Your orator further charges that the said defendant has never paid the same or any part thereof to the said Byram in his lifetime, except the sum of $102, in satisfaction of a judgment obtained against the said Byram, by Thomas H. Harvey, assignee of R. T. Harvey, or any part thereof to your orator, as administrator, &c., since the death of the said Byram, nor has he paid off and discharged the aforesaid decree and judgment, or either of them, save comparatively an insignificant portion of each by and out of the proceeds arising from the sales of a part of the tract of land lying at the mouth of Thirteen Mile creek.

That if the said written contract or agreement, or any part thereof, can possibly be construed as a sale or evidence of a sale of any of the lands of the said Byram, instead of a power of attorney to sell, &c., as your orator alleges, and believes the same to be, it can only be so construed, as to the tract of land lying at the mouth of Thirteen Mile creek, and on the waters thereof, in the county of Mason, that if it is so construed that the same should by your honor be rescinded, vacated and annulled, inasmuch as the said defendant has wholly failed to comply with the same on his part, and is and was at the time the same was entered into wholly unable to comply with, and because the same is unconscionable, and was brought about by the representations of the defendant, Patton, that he could make the village of Leon, situated at the mouth of Thirteen Mile creek, a place of considerable importance, readily sell lots in and around the village, off the said last mentioned tract, to pay off the said incumbrances, the said negotiable notes and the residue yield to them a handsome sum besides. That because of the iron ore, fine timber and superior soil of the tract on Eighteen Mile creek, in Putnam county, he could sell the same for a sum that would be considered fabulous, and because of his skill as a lawyer and a business man, that he could remove the clouds and difficulties from the other tracts, or could compromise or exchange so that he could

1877.
January Term.

Jones, Adm'r,
v.
Patton et al.

83

dispose of them at good prices. All of said representations so made, as your orator believes and charges, were misrepresentations, and were easily impressed upon the said Byram, and were made for that purpose, who at that time was quite an old man, and whose mind had become much enfeebled if not imbecile by his extreme old age. Your orator charges that the tract of land at the mouth of Thirteen Mile creek, is worth about $6,000, and that the tract on Eighteen Mile creek is very valuable on account of the iron ore, coal, timber, and fertile soil. That he has never sold or attempted to sell any of the lands lying in the counties of Kanawha and Putnam, nor has he removed the clouds from the title to the same or attempted so to do, or in any way to compromise with conflicting claimants, in fact he has done nothing to comply with his contract in reference to the same, and even if he had complied with the contract, as he construes it in every particular, by paying off the $1,000 note, and the incumbrances aforesaid, by proceeds arising from the sales of the Thirteen Mile creek tract, that even then one-third of the whole amount of purchase money arising from the sale of the Eighteen Mile creek tract, and two-thirds of the amount arising from the sale of the other tracts of the said Byram, would be extortionable and unreasonable, and there is no mutuality in said contract, and to regard the said agreement as a contract of sale of the lands of the said Byram, is in effect to give to the defendant Patton, the whole of said lands, except so much as may be forced from him by the said judgment creditors to satisfy their said liens, for an indefinite period of time, with the very remote and problematical possibility that those who claim under the said Byram may ultimately receive the one-third or two-thirds, as the case may be, of the proceeds arising from the sale or sales of the same.

Your orator in conclusion of this, his humble bill of complaint, charges that the said agreement is but a power of attorney, and most certainly as to all of the land save the

Thirteen Mile creek tract, empowering and authorizing the said Patton to sell the lands of the said Byram, and directing the manner of disposing of the proceeds, etc., and that for the facts and reasons aforesaid, the same should be revoked and annulled. In tender consideration whereof, and inasmuch as your orator is wholly remidiless at law, he comes into this honorable court where such matters are made cognizable and relieveable, and prays that the said Robert Patton, Benj. B. Jones, Martha Ann Jones, and your orator as devisee, be made parties defendant to this, his bill, and that they and each of them be compelled to answer the same, and each and every allegation thereof in as full and ample a manner as if they were here again repeated, and they and each of them thereunto particularly interrogated. And that your honor, the premises considered, will construe the alleged contract between Benj. P. Byram, and the defendant, R. Patton, and if in your honor's opinion the same should be but a power of attorney, that you will decree that the same should be revoked and held for nought; or that if in the opinion of your honor, it should be an evidence of sale of the lands of Benj. P. Byram, deceased, or any portion of them, that you will make a decree rescinding, vacating or annulling the same, or that your honor will grant such other, further and general relief, as may seem meet, and proper, or as equity and good conscience may require. And as in duty bound, he will ever pray, etc.

"DAVID P. JONES,

"Administrator &c. of Benjamin P. Byram, deceased,<br>"Per ¡Counsel."

To this bill the defendant, Patton, demurred and answered. The other defendants answered the bill. The court overruled the demurrer to the bill, and upon the pleadings and exhibits, cancelled and annulled the contract, holding a part thereof as a contract of sale, and the other part as a power of attorney, cancelling the former and declaring the latter revoked.

*J. M. Laidley* for appellant, referred the court to the following authorities:

2 Wash. on Real Prop., 2 ed. 652, 660; 2 Hill. Real Prop., ch. 53, §1; Broom's Legal Max., 400; 2 Parsons on Contracts, 499; *Jennings et al. v. Brizeadine*, 44 Mo., 333; *Newsom v. Pryor*, 7 Wheat, 10; 5 Cowen, 393; 21 Barb. 398; Bac. Ab. Wills E.; Bon. L. Dec. "Will," "Devise"; 1 Story Eq., §190, 196, 197, 201, 244, 245, 250; 1 Green Ev., §260; 1 Story Eq., §301, 693, 696, 707.

No counsel appeared for the appellee.

JOHNSON, JUDGE, delivered the opinion of the Court:

The demurrer to the bill ought to have been allowed, and the bill dismissed. The complainant files his bill as the administrator, with the will annexed, of Benj. P. Byram, deceased, and there is no other complainant to to the bill. The will names no executor, and disposes of the property as the bill alleges. If the suit had been brought in the name of the devisees under the will, for the purpose of cancelling and annulling a contract made by the testator, showing that the contract was procured by misrepresentations, undue influence, for a grossly inadequate consideration, &c. It is easy to peceive how such a bill might be entertained by a court of chancery; or if the administrator with the will annexed had filed his bill, affirming the contract, and asking the court to enforce the lien upon the lands for the purchase money yet due, or in some way showing that he had a right in equity to have a decree rendered against the defendant, Patton, for money due by virtue of the contract, then he might be properly in a court of equity in his character as personal representative. But a personal representative cannot, as the only complainant in a bill like the one filed, for the purpose of rescinding and annulling a contract, under the circumstances disclosed in this bill, be entertained in a

chancery court. For these reasons the decree of the circuit court of Mason county, rendered in this cause on the 17th day of October, 1873, is reversed, with costs to the appellant, Robert Patton, against the said David Jones, administrator with the will annexed of Benj. P. Byram, deceased, to be paid out of the assets of the estate of the testator in his hands.

And this court proceeding to render such a decree as the circuit court of Mason county should have rendered, it is adjuged, ordered and decreed that the demurrer to the complainant's bill be allowed, and it appearing from the record that the plaintiff could not so amend his bill, as to entitle him to relief in a court of equity, it is further adjudged, ordered and decreed that the plaintiff's bill be dismissed at his costs, to be paid out of assets of the testator in his hands to be administered.

But the dismissal of said bill is without prejudice to any suit said administrator may hereafter be advised to bring affirming said contract, and enforcing any lien that may exist thereunder for purchase money, or to have an account for said purchase money, or other moneys received under said contract or power of attorney, and without prejudice to any suit the devisees under the will of said Byram, deceased, or his legal heirs, or any of them, may be advised to bring to cancel and annul said contract, or for an account for any moneys received under said contract or power of attorney.

DECREE REVERSED and bill dismissed.